TENTATIVE RULING
ISSUED BY JUDGE CHRISTOPHER B. LATHAM


Debtor:   PAUL C & ANITA J. DIFRANCESCO

Number:   13-05089-CL7

Hearing:   10:00 AM  Monday, July 28, 2014

Motion:   1) OBJECTIONS TO DEBTORS' CLAIM OF EXEMPTIONS FILED BY TRUSTEE

2) OBJECTIONS TO DEBTORS' CLAIM OF EXEMPTIONS FILED BY VIEWPOINT SECURITIES LLC


1-2) The court has reviewed the Chapter 7 Trustee and Creditor Viewpoint Securities, LLC's ("Viewpoint") objections to Debtors' claim of exemptions, Debtors' response and the parties' supporting declarations.  Because the Supreme Court's recent decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014), abrogated Ninth Circuit case law allowing surcharge or denial of exemptions based on bad faith, the court **overrules** both parties' objections.

Both the Trustee and the objecting creditor assert bad faith as the primary basis for their objections to Debtors' claimed exemptions.  Neither addresses *Law v. Siegel*, in which the Supreme Court unambiguously abolished judicial barriers to claiming exemptions that are based on § 105(a) and the court's inherent authority.  134 S. Ct. 1188 (2014).  But it left open the possibility that a state-created exception might bar a debtor from claiming an exemption.  *Id.* at 1196-97.  As such, the court may only sustain an objection that is either rooted in a substantive Code provision or state law consistent with the Code.  *See id.*; *In re Gutierrez*, No. 12-60444-B-7, 2014 Bankr. LEXIS 2637 (Bankr. E.D. Cal. June 12, 2014).  The objecting parties do not cite a statutory basis for denying the exemption.  Nor does one appear on the current record to exist.

Further, the Trustee and Viewpoint seem to be concerned that Debtors will take this asset free and clear if the court does not sustain their objections.  But notably, Debtors claim a wildcard exemption.  An exemption under California's wildcard statute is limited to the value claimed exempt – not the asset itself.  *See Morgan-Busby v. Gladstone* (*In re Morgan-Busby*), 272 B.R. 257, 265 (B.A.P. 9th Cir. 2002).  Thus, the parties' desire to preserve this asset's value for the estate's benefit is not impaired by Debtors' claim of exemptions, at least not beyond $15,525.

For the foregoing reasons, the court **overrules** both objections to Debtors' claim of exemptions.  If the Trustee and Viewpoint are prepared to submit on this tentative ruling, they may notify the courtroom deputy and appearances at the July 28, 2014 hearing will be excused.  Debtors may then upload orders consistent with this tentative ruling.